**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CARLOS R. MOLINA CHACON,<br>Petitioner<br>v.<br>DAVID J. VENTURELLA, et al.,<br>Respondents | Civ. No. 26-6512 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court upon Petitioner Carlos R. Molina Chacon's petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" Dkt. No. 1) challenging his immigration detention as unlawful. Respondent filed an answer in opposition to the Petition, ("Answer" Dkt. No. 4.) For the reasons discussed below, the Court will deny the Petition without prejudice.

## I. BACKGROUND

The relevant background is drawn from the parties' respective submissions. The parties agree that Petitioner is a native and citizen of Costa Rica who entered the United States in 2001 on a B-2 visitor visa and remained after his authorized period expired. (Petition at 2-4; Answer at 1). Respondents state that Petitioner was served with a Notice to Appear in June 2007 (Dkt. No. 4-1 ("I-213") at 2) and later failed to

appear for his removal hearing. (Answer at 1.) On December 12, 2007, an Immigration Judge ordered Petitioner removed to Costa Rica in absentia. (Dkt. No. 4-3 ("December 12, 2007 Removal Order") at 2.) The order, therefore, became final upon entry. 8 C.F.R. § 1241.1(e).

Petitioner alleges that ICE arrested him on June 3, 2026, when he appeared for a fingerprint appointment related to an asylum application; Respondents state that ICE arrested him that day in Hackensack, New Jersey. (Petition at 4, 11; Answer at 2). Petitioner's asylum application, filed April 24, 2026, remains pending. (Dkt. No. 1 at 20 ("Form I-797C"). Because Petitioner is subject to a final order of removal, his detention is governed by 8 U.S.C. § 1231, not §§ 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527–29 (2021).

## II. DISCUSSION

Petitioner contends that the 90-day removal period began when the in absentia order became final in December 2007 and expired in March 2008. (Petition at 8-10). Section 1231(a)(1)(C), however, extends the removal period when a noncitizen "conspires or acts to prevent" execution of the removal order. Respondents state that Petitioner was served with the Notice to Appear, failed to attend his hearing, and remained in the United States until ICE located him approximately eighteen years later. (Answer at 1-4; *see also* Petition at 4, 8.) On materially similar facts, a Court in this District has held that a noncitizen who was ordered removed in absentia and remained unavailable for removal prevented her own removal within the meaning of § 1231(a)(1)(C), so the 90-day period did not begin to run until ICE took her into

custody. *Rodriguez Moreno v. Mullin*, No. 26-1975, 2026 WL 1134057, at *2-3. The same reasoning applies here. Petitioner's removal period was extended until ICE took him into custody and made him available for removal, and his detention during that period is mandatory under § 1231(a)(2)(A).

Petitioner's constitutional challenge to the duration of his detention also fails. Post-removal-period detention is permissible for the period reasonably necessary to accomplish removal and is presumptively reasonable for six months. *Zadvydas v. Davis*, 533 U.S. 678, 689, 699–701 (2001). After that period, the noncitizen must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, after which the Government must rebut that showing. *Id.* at 701. Petitioner filed this action on the day his detention began. The approximately eighteen years he spent at liberty do not constitute detention. And although Petitioner faults Respondents for not yet identifying concrete removal arrangements, that necessary travel documents cannot be obtained, or that another practical obstacle makes removal unlikely in the reasonably foreseeable future, Petitioner has not met his initial burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. Petition at 9-10. Accordingly, even assuming Petitioner is detained beyond the statutory removal period, his *Zadvydas* claim is premature and independently fails on the present record.

Petitioner's Fifth Amendment and Administrative Procedure Act claims allege that ICE used his fingerprint appointment as a pretext to apprehend him. (Petition at

11-14.) Even accepting that allegation as true, those claims challenge the Government's initial decision to detain Petitioner and its execution of the final removal order, rather than the length or conditions of his confinement. 8 U.S.C. § 1252(b)(9) channels claims challenging the basis for removal and the Government's initial decision to detain a noncitizen into the petition-for-review process. *Khalil v. President of the United States*, 164 F.4th 259, 275-81 (3d Cir. 2026). Section 1252(g) separately deprives district courts of jurisdiction over claims arising from the decision or action to execute a removal order, including constitutional and statutory challenges to whether and when the order may be executed. *Tazu v. Att'y Gen.*, 975 F.3d 292, 296–300 (3d Cir. 2020). Petitioner may not avoid those jurisdictional limitations by characterizing his challenges to detention and execution of the removal order as due-process or APA claims. *See id.* at 299-300. Therefore, the Court will deny the Petition without prejudice to Petitioner filing a new habeas petition if his detention becomes unreasonably prolonged.

## III. CONCLUSION

An appropriate Order follows.

Dated: **August 10, 2026**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge